David Aronoff (SBN 125694)
daronoff@lathropgage.com
Amber Henry (SBN 247624)
ahenry@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 789-4600
Facsimile:  (310) 789-4601

Attorneys for Defendants D3Publisher Inc. (formerly known as D3 Inc.) and D3Publisher of America, Inc.

FILED
CLERK, U.S. DISTRICT COURT
JUN 26 2014
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| 1st Playable Productions LLC, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>D3 Inc., a Japanese corporation, D3 Publisher of America, Inc., a Delaware corporation, and DOES 1-3, inclusive,<br><br>Defendants. | Case No. CV 14-1315 JFW (JCGx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[DISCOVERY MATTER]<br><br>**U.S. Magistrate Judge Jay C. Gandhi** |

WHEREAS, plaintiff 1st Playable Productions, LLC and defendants D3Publisher Inc. ("D3P") (which was formerly known as D3 Inc.) and D3Publisher of America, Inc. ("D3PA") (collectively the "Parties") believe that good cause exists for entry of this Stipulated Protective Order (the "Order"); and

WHEREAS, because the present action (the "Action") is essentially one for an accounting of royalties under four separate contracts for four separate videogames and involves highly confidential non-public business financial records concerning these videogames, and will require the production of documents and information considered by the parties, and third party witnesses, to be trade secrets, or other confidential, proprietary or sensitive financial information, the public disclosure of which could be competitively harmful or impinging on any persons' personal privacy rights; and

WHEREAS, an agreement regarding limitations on the disclosure and use of such confidential documents and information is desirable for the orderly conduct of discovery in the Action, while at the same time providing protection from the misuse of confidential documents and information;

WHEREAS, the parties have, through counsel, stipulated to entry of this Order pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of CONFIDENTIAL INFORMATION, as defined herein, and wish to comply with Local Rule 79-5, which governs the procedure for filing documents under seal;

IT IS HEREBY STIPULATED by and between the parties, by and through their respective counsel of record, that the Court enter an Order to protect confidential materials and information produced and/or filed by the parties, or any third-party witness or other entities, including, but not limited to, records, information, documents, and/or computer files, during the course of the Action as follows:

1. **PROTECTED INFORMATION.**

   a. "CONFIDENTIAL INFORMATION" shall mean information and tangible things that the designating person or entity reasonably and in good faith believes contain: (a) non-public proprietary information of one of the parties, their affiliates, or any third party; (b) non-public financial information (including without limitation contracts, statements, spreadsheets, budgets, books, ledgers, and accountings); (c) non-public information concerning the ownership or control of the parties or any third party; (d) non-public business plans, projections and information; (e) non-public information of a personal or intimate nature regarding any individual; (f) trade secrets as that term is defined in the California Civil Code Section 3426.1; (g) any confidential business information that could, if disclosed to the public, cause harm to any of the parties', or a third party's, competitive position; and (h) any other category of non-public information that is recognized to have confidential status by mutual agreement of the parties and/or by order of this Court.

   b. CONFIDENTIAL INFORMATION may be contained in (a) discovery information or other materials produced or obtained in this Action by or through any means; (b) documents of every kind or description; (c) taped, electronically stored, videotaped, recorded, filmed or computer records of every kind or description; (d) responses to written discovery requests, including responses to interrogatories and requests for admission; (e) physical objects, samples or other tangible items; (f) oral testimony at depositions, in Court, or otherwise; and (g) copies, notes, summaries or other records of the foregoing, including legal briefs and pleadings. All summaries, reviews, copies, recordings, abstracts, excerpts, analyses or other writings, including legal memoranda, that contain, reveal or otherwise disclose such CONFIDENTIAL INFORMATION shall also be deemed to contain CONFIDENTIAL INFORMATION.

2. **USE SOLELY FOR THIS LITIGATION.** All CONFIDENTIAL INFORMATION shall be used for purposes of the Action only and shall not be disclosed except in accordance with the provisions of this Order.

3. **DESIGNATION OF CONFIDENTIAL DOCUMENTS AND INFORMATION.** The parties and third parties that avail themselves of this Order in accordance with Paragraph 11, *infra*, shall designate documents and other materials containing CONFIDENTIAL INFORMATION in the following manner:

   a. Documents and information produced in discovery that contain CONFIDENTIAL INFORMATION shall be designated as such by stamping the word "CONFIDENTIAL" on the margin of each page of such documents, or using another reasonable method agreed to in writing by the parties. Such labels will be reasonably placed so it is obvious upon sight, but no marks on the documents may sever or obscure any of the actual materials being produced.

   b. The parties, or a third party, may designate the deposition testimony and exhibits (or portions thereof) of any witness in this litigation as "CONFIDENTIAL" on the record at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette, videotape, CD, or DVD container shall be labeled with the appropriate legend. In addition, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may designate or re-designate all or portions of the transcript "CONFIDENTIAL." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages and lines of the deposition transcript containing "CONFIDENTIAL" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" information. If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" information.

   c. CONFIDENTIAL INFORMATION contained in any affidavit, brief, memorandum or other papers filed with the Court herein, as specified in Paragraph 9, *infra*, shall be filed only in accord with the provisions of Local Rule 79-5.

[PROPOSED] STIPULATED PROTECTIVE ORDER

4.      DISCLOSURE OF DESIGNATED MATERIAL. Material designated CONFIDENTIAL INFORMATION and any summary, brief, description or report containing such information designated as CONFIDENTIAL INFORMATION, may be disclosed only to the following persons, without leave of this Court:

   a.     the Court, persons employed by the Court, and stenographers and videographers who are transcribing or recording the testimony or argument at a hearing, trial or deposition in this Action or any appeal therefrom;

   b.     independent consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this Action, with disclosure only to the extent necessary to perform such work;

   c.     witnesses and deponents in this Action who are shown the CONFIDENTIAL INFORMATION while testifying or in preparation for testifying;

   d.     graphics or design services personnel retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trials, or other court pleadings in this Action;

   e.     non-technical jury or trial consulting services retained by counsel;

   f.     document imaging and database services personnel retained by counsel, and consultants retained by counsel to set up, maintain and/or operate computer systems or, litigation databases, or to convert data for inclusion in such databases;

   g.     the parties' outside counsel of record in this Action and any other counsel for a party that appears in this Action, and photocopy services personnel retained by counsel, their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this Action.

   h.     individuals selected by the parties to function as mediators or arbitrators;

   i.     in-house counsel for the parties;

   j.     a party, including in the case of corporate parties, their directors and officers, and employees designated to assist counsel in this Action; and

   k.     authors or recipients of the CONFIDENTIAL INFORMATION.

5. **NON-DISCLOSURE AGREEMENT.** No CONFIDENTIAL INFORMATION shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b) or (e), *supra*, until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A. The original of each undertaking shall be retained until the conclusion of this Action, including all appeals, by counsel for each party who intends to or does disclose to such individual any CONFIDENTIAL INFORMATION.

6. **CHALLENGE TO DESIGNATION.** If a party disagrees with the designation of any information as CONFIDENTIAL INFORMATION or the failure of a party to designate any information as CONFIDENTIAL INFORMATION, such party shall first make its objection known to the producing party in writing, explaining how the designation (or failure to designate) is improper, and request a change of designation. If the parties are unable to resolve their differences, then the parties shall be governed by Local Rules 37-1 and 37-2 in filing a motion for a determination as to whether the document(s) require protection. The burden of proving that information has been or should be properly designated as CONFIDENTIAL INFORMATION is on the party seeking such designation. All documents initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this Order unless and until the Court rules otherwise. Any failure by the non-designating party to object to any material being designated as CONFIDENTIAL INFORMATION shall not be construed as an admission by any non-designating party that the material constitutes or contains CONFIDENTIAL INFORMATION.

7. **DEPOSITIONS.** A party may exclude from a deposition any person who is not entitled to have access to CONFIDENTIAL INFORMATION when such information is the subject of examination.

8. <u>TREATMENT OF CONFIDENTIAL MATERIAL</u>.

    a. Any person in possession of CONFIDENTIAL INFORMATION shall exercise due care with regard to the storage, custody or use of such CONFIDENTIAL INFORMATION to ensure that the confidential nature of the same is maintained in conformity with this Order.

    b. Any person receiving CONFIDENTIAL INFORMATION shall not disclose such information to any person who is not entitled to receive such information under this Order. If CONFIDENTIAL INFORMATION is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

    c. Nothing contained in this Order shall prevent a producing party from using its own CONFIDENTIAL INFORMATION in any way it chooses.

9. <u>FILING OF CONFIDENTIAL MATERIAL</u>. Any motion, pleading or other document containing CONFIDENTIAL INFORMATION that is filed with the Court shall only be filed under seal pursuant to a further order of the Court pursuant to Local Rule 79-5. The parties agree that they will comply with the provisions of Local Rule 79-5 in all regards with respect to the filing and lodging of CONFIDENTIAL INFORMATION with the Court.

10. <u>INADVERTENT DISCLOSURE</u>. The inadvertent production of any CONFIDENTIAL INFORMATION, or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall

promptly provide notice to the receiving party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that CONFIDENTIAL INFORMATION, privileged information or work-product material has been inadvertently produced, documents containing such information shall be returned to counsel for the producing party and the receiving party shall not use such information for any purpose except application to the Court. In response to an application to the Court by the receiving party to compel production of such documents and/or information, the producing party may submit the documents or testimony at issue to the Court for *in camera* inspection.

11. <u>THIRD PARTIES</u>. Third parties who produce information in this Action may avail themselves of the provisions of this Order and materials produced by any such third parties shall be treated in conformance with this Order.

12. <u>RESPONSE TO THIRD PARTY SUBPOENA</u>. In the event that any party (a) is subpoenaed in another action, (b) is served with a demand in another Action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as CONFIDENTIAL INFORMATION by another party or third party that avails themselves of this Order, the party subpoenaed or served in accordance with this paragraph shall object to production of the CONFIDENTIAL INFORMATION and shall give prompt written notice to the producing party. If the person seeking access to the CONFIDENTIAL INFORMATION takes action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as precluding production of CONFIDENTIAL INFORMATION covered by this Order in response to a lawful court order.

13. <u>USE OF DESIGNATED MATERIALS AS EVIDENCE AND AT TRIAL</u>. This Order shall not in any way afford to any party any objection to the

offering or admission of CONFIDENTIAL INFORMATION into evidence or use otherwise by order of the Court. The parties agree to engage in good faith negotiations concerning the appropriate procedures to protect CONFIDENTIAL INFORMATION at trial, as the need arises. For purposes of all pretrial proceedings in the Action, CONFIDENTIAL INFORMATION materials under this Order may only be filed under seal in accordance with Paragraph 9, *supra*.

14. <u>EFFECTIVE UPON EXECUTION</u>. The parties agree that this Order shall be binding as an agreement between the parties upon execution by the parties before entry by the Court. The parties further agree that if for any reason this Order is not accepted by the Court, they will promptly execute and submit a revised Order that addresses the Court's concerns.

15. <u>CONCLUSION OF ACTION</u>. Within sixty (60) days after the conclusion of this Action, including appeal, after entry of a final order in this Action, or after the parties have executed a settlement agreement in this Action, all CONFIDENTIAL INFORMATION shall be destroyed by all receiving parties or shall be returned to the producing party, at the receiving party's election. Notwithstanding the foregoing, counsel of record for each party may maintain in its files one copy of each document filed with the Court containing CONFIDENTIAL INFORMATION, and a copy of all depositions (and exhibits) and written discovery responses, and any notes or memoranda relating thereto, as well as all work product. All such material shall remain subject to the terms of this Order. This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an order of the Court.

///
///
///
///
///

16. <u>COURT TO RETAIN JURISDICTION</u>. This Order shall survive the final disposition of this Action, and the Court shall retain continuing jurisdiction to resolve any dispute arising under this Order.

IT IS SO ORDERED.

DATED: 6·26 , 2014        By: _____
                              Hon. Jay C. Gandhi
                              United States Magistrate Judge

# EXHIBIT A

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *1st Playable Productions LLC v. D3, Inc. et al.* – Case No. CV14-1315 JFW (JCGx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2014

City and State where sworn and signed: _____

Signed: _____   _____
[Print Name]   [Signature]